David L. Mazaroli
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA as subrogee and assignee of Mettler-Toledo Safeline, : : : Plaintiff, : - against - : TRUCKS INC.; FEDEX FREIGHT, INC. d/b/a : FEDEX FREIGHT; : Defendants. | ECF CASE 13 Civ. 1176 (SAS) **COMPLAINT** |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

**FIRST CAUSE OF ACTION**

1. Plaintiff Indemnity Insurance Company of North America ("IINA" or Plaintiff) is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia. IINA paid the insurance claim arising from the damage to the cargo which is the subject of this action and sues herein as subrogee and assignee of its insured Mettler-Toledo, LLC.

2. Defendant Trucks Inc. is believed to be a corporation organized under the laws of, and with its principal place of business in, the state of Georgia. At all material

times Trucks, Inc. maintained a statutorily required registered agent for service of process in New York at 120 Main Street, Huntington, New York.

3. Defendant FedEx Freight, Inc. doing business as FedEx Freight ("FedEx") is believed to be an Arkansas corporation with its principal place of business at Harrison, Arkansas, and at all material times maintained a statutorily required registered agent for service of process at 111 Eighth Avenue, 13th Floor, New York, New York 10011. In addition FedEx maintains offices and places of business for shipping services in multiple locations within the Court's jurisdiction, including 33 Howard Street, New York, NY 10013.

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and/or federal common law.

5. The Court also has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. Concurrently there is pendent, ancillary and supplement jurisdiction as to certain aspects of the claim in suit.

7. Upon information and belief defendants at all material times maintained routes and conducted business within the State of New York as common carriers of cargo for hire, including with respect to the pick up, carriage and delivery of cargo, and the provision of services related thereto, and are subject to the *in personam* jurisdiction of this Court.

8. This action involves damage to an X-Ray machine (hereinafter also referred to as "the Shipment") which, for agreed compensation, defendants contracted to carry from Pleasant Prairie, Wisconsin, to Tampa, Florida.as receiving and/or delivering and/or performing carriers.

9. For the Shipment FedEx issued a bill of lading.

10. FedEx reportedly subcontracted the actual performance of the interstate transportation to defendant Trucks, Inc., whose tractor, trailer and driver were reportedly utilized for the interstate carriage of the Shipment.

11. On or about March 16, 2012 the Shipment was received in good order and condition into the custody and control of Defendants, or entities acting on their behalf, and a clean bill of lading and/or freight bill was issued without exception or notation for damage or loss of any kind.

12. According to Defendants during the subject interstate transportation the carrying vehicle was involved in a road incident on or about March 21, 2012 which resulted in damage to the Shipment.

13. When the Shipment was delivered by Defendants at or near the destination it was in damaged and depreciated condition.

14. The damage sustained during the road transportation rendered it unfit for intended usage.

15. Said damage to the Shipment was the result of defendants' reckless failure to properly carry and care for the Shipment during the subject interstate transportation and their fundamental breaches of, and material deviations from, the governing carriage contract.

16.     The damage to the Shipment was not caused by the inherent nature of the goods shipped.

17.     The damage and loss to the Shipment was not caused by events which would constitute, or give rise to, an "Act of God" defense or exception to liability.

18.     The damage and loss to the Shipment was not caused by events which would constitute an, or give rise to, "Act of Public Enemy" defense or exception to liability.

19.     The damage and loss to the Shipment was not caused by events which would constitute an "Act of Public Authority" defense or exception to liability.

20.     The damage to the Shipment was not caused by the fault of any shipper or owner of the goods shipped.

21.     By reason of the aforesaid, IINA, and those on whose behalf it sues, has sustained damages in the amount of $105,000.00, no part of which has been paid although duly demanded, and for which Defendants are jointly and severally liable without limitation of any kind.

22.     Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

23.     Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of them under the premises.

## SECOND CAUSE OF ACTION

24.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this complaint.

25. Defendants were acting as bailees of the Shipment at the time the claimed damage to the Shipment occurred.

26. Defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to them and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a workmanlike and non-negligent manner. Defendants breached those bailment obligations and negligently failed to deliver the Shipment in the same order and condition as when it was received at the point of origin.

27. By reason of the foregoing, Defendants have caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in the amount of $105,000.00.

## THIRD CAUSE OF ACTION

28. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 23 of this complaint.

29. Defendants, directly or through their employees, agents, or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Shipment such as reasonably required and would be sufficient to care for and prevent damage to the Shipment.

30. The damage to the Shipment was proximately caused by Defendants' willful, reckless, negligent and/or grossly negligent conduct.

31. As a result Defendants are liable to Plaintiff for damage in the amount of $105,000.00.

WHEREFORE, plaintiff demands judgment against Defendants jointly and severally

    a.    for the sum of $105,000.00;

    b.    for prejudgment interest at the rate of 9% per annum;

    c.    for the costs of this action;

    d.    for such other and further relief as this Court deems proper and just.

Dated: New York, New York
       February 20, 2013

                                LAW OFFICES,
                                DAVID L. MAZAROLI

                                *s/David L. Mazaroli*
                                _____
                                David L. Mazaroli
                                Attorney for Plaintiff
                                11 Park Place - Suite 1214
                                New York, New York 10007
                                Tel.: (212)267-8480
                                Fax.: (212)732-7352
                                E-mail: dlm@mazarolilaw.com
                                File No.: 2G-2209